Clyde MORGAN, Appellant,

v.

W. P. JONES, Appellee.

No. 3428.

Court of Civil Appeals of Texas.

Eastland.

Jan. 30, 1959.

Dale W. Harbin, Stephenville, for appellant.

C. O. McMillan, Stephenville, for appellee.

WALTER, Justice.

Clyde Morgan sued W. P. Jones for damages for breach of an oral contract to furnish and install an electric pump in an existing water well belonging to Morgan. After the plaintiff rested, the court granted defendant's motion to discharge the jury and rendered judgment for defendant. The plaintiff has appealed from such judgment contending the court erred in sustaining the defendant's motion and in rendering judgment for the defendant.

Our action in passing on this point is governed by the rule announced in Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 and Specia v. Lucchese, Tex.Civ.App., 312 S.W.2d 589, to the effect that if there is any evidence of probative force to support the plaintiff's case, the case should be submitted to the jury. However, we have reached the conclusion there is no merit in appellant's point and that the judgment should be affirmed.

Appellant alleged, "On or about August 1, 1957, Plaintiff and W. P. Jones entered into an oral contract whereby the Defendant W. P. Jones agreed to install an electric Jacuzzi automatic submersible pump on said well complete with all pipe and fittings, and to complete said job in its entirety thereby installing a complete water pump system, all of which Defendant W. P. Jones agreed to do for the sum of $500.00. That the Defendant, under the terms of said contract, expressly agreed to complete said pump installation including the pump and all necessary pipe and, etc., as a turn key job, including the installation of the pump unit, it being expressly agreed and contracted that the job was to be completed in every detail, and that when so installed that said pump would produce water from

said well satisfactorily, and that said well by the use of said pump would continue to produce water in a satisfactory manner."

The witness R. H. Terry testified that he drilled this water well for Mr. Morgan in August of 1956 and cased and capped the well. In September of 1957 he was called to the well by Mr. Morgan to inspect the pump that had been installed by appellee. After inspecting the pump he concluded, "I figured the impellers was sand trapped and was losing their efficiency." The witness John E. Morton testified that he had been in the well servicing business for 12 or 13 years and that he was called by Mr. Morgan to inspect the pump and concluded that the pump had pumped sand and increased the clearance within the pump causing it "to not get up as much as 40 pounds pressure". When asked, "Would the sand get into the pump like that be the fault of the pump or the well?", he testified, without objection: "It wouldn't be the fault of the pump within itself." He further testified that if a liner were properly installed in a well such as this one, it would tend to keep the sand out.

After testifying about the conversation he had with appellee concerning the pump transaction, the appellant said: "In other words, a flat fee in round figures of $500.00 he would come out and install me a complete water system so that I could use it in pouring the foundation for my house, and using it in the house and to water my lawn after the house was completed."

The well had been capped for about a year before the appellee contracted to install the water system. The appellee had nothing to do with digging the well and, therefore, its sand condition, or the fact it did not have a liner therein, was not his responsibility under his contract.

We find no evidence of a breach of contract. The evidence conclusively demonstrates that the sand was the cause of appellant's damage.

"From a careful examination of the cases, it appears (1) that it is the duty of the court to instruct a verdict, though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, such testimony, in legal contemplation, falling short of being 'any evidence'." Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, 1063.

The judgment is affirmed.